IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| CHRISTI MILLER, on behalf of herself and all others similarly situated, | )<br>)<br>) |
| Plaintiff, | ) Case No. 3:19-cv-00601<br>)<br>) |
| v. | ) **COLLECTIVE ACTION**<br>) **COMPLAINT** |
| CRAFT REVOLUTION, LLC d/b/a<br>ARTISANAL BREWING VENTURES, | )<br>) **JURY TRIAL DEMANDED**<br>) |
| Defendant. | )<br>)<br>) |

Christi Miller ("Plaintiff" or "Miller") on behalf of herself and all others similarly situated, by and through counsel, brings this collective action for violations of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b) against Defendant Craft Revolution, LLC d/b/a Artisanal Brewing Ventures ("ABV" or Defendant").

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit seeks to recover unpaid minimum wages, misappropriated tips, and statutory penalties for Plaintiff and any similarly situated co-workers, including servers, bussers, hostesses, and bartenders ("Tipped Workers") who work or have worked at the ABV restaurant and brewery located at 4001 Yancey Rd #1735, Charlotte, NC 28217.

2. Plaintiff brings this action on behalf of herself and all similarly situated current and former Tipped Workers who elect to opt-in to this action pursuant to the collective action provision of 29 U.S.C. § 216(b), to remedy violations of the FLSA by ABV.

3. Plaintiff also brings a claim on behalf of herself for retaliation under the FLSA. Specifically, Defendant terminated Plaintiff's employment because Plaintiff engaged in protected

activity by complaining about ABV's unlawful compensation practices of Tipped Workers in violation of the FLSA.

## THE PARTIES

4. Miller is an adult individual who is a resident of Charlotte, North Carolina.

5. Miller was employed by ABV as a bartender, *i.e.*, a Tipped Worker, from April 2, 2018 to January 11, 2019.

6. A written consent form for Miller is filed with this Complaint as Exhibit 1.

7. ABV is a domestic business corporation registered and in good standing in the State of North Carolina, with its principal place of business located at 4001 Yancey Rd #1735, Charlotte, NC 28217.

## JURISDICTION AND VENUE

8. This Court has original federal question jurisdiction under 28 U.S.C. § 1331 for the claims brought under the FLSA, 29 U.S.C. § 201 *et. seq.*

9. This Court has personal jurisdiction because Defendant conducts business in Mecklenburg County, North Carolina, which is located within this judicial district.

10. Venue is proper in this judicial district because Defendant has substantial business contacts in this district and because the unlawful acts alleged herein occurred in Mecklenburg County, North Carolina.

11. All of the alleged causes of action can be determined in this judicial proceeding and will provide judicial economy, fairness and convenience for the parties.

## COVERAGE ALLEGATIONS

12. At all times hereinafter mentioned, Defendant has been an employer within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d).

13. At all times hereinafter mentioned, Defendant has been an enterprise within the meaning of Section 3(r) of the FLSA 29 U.S.C. § 203(r).

14. At all times hereinafter mentioned, Defendant has been an enterprise engaged in commerce or in the production of goods for commerce within the meaning of Section 3(s)(1) of the FLSA, 29 U.S.C. § 203(s)(1), in that the enterprise has had employees engaged in commerce or in the production of goods for commerce, or employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person and in that the enterprise has had and has an annual gross volume of sales made or business done of not less than $500,000 (exclusive of excise taxes at the retail level which are separately stated).

15. At all times hereinafter mentioned, Plaintiff has been an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e).

## PLAINTIFF'S FACTUAL ALLEGATIONS

16. Defendant employed Plaintiff and other Tipped Workers at the ABV brewery and restaurant.

17. Defendant paid Plaintiff and other Tipped Workers an hourly rate less than the full applicable federal minimum wage.

18. Defendant failed to inform Plaintiff and other Tipped Workers of the provisions of the tip credit subsection of the FLSA.

19. Defendant did not permit Plaintiff and other Tipped Workers to retain all the tips they earned. Defendant required Plaintiff to participate in a mandatory tip pooling arrangement and share tips with other tipped employees. On a biweekly basis, Defendant distributed some, but not all, tips that were voluntarily given to Plaintiff and other Tipped Workers for the services they

provided to ABV's customers.  Upon information and belief, Defendant's management retained a portion of these tips either personally and/or to subsidize the general business operations of ABV.

20. Defendant regularly required Plaintiff and other tipped employees to clock-out before cleaning the brewery, organizing kegs and beer coolers, stocking and wrapping liquor, setting up for restaurant events, and other side work off-the-clock without pay.

21. Defendant's failure to comply with the terms of the minimum wage requirements of the FLSA regarding the taking of tip credit against minimum wages and failing to pay tipped employees at least the minimum wage for time spent off-the-clock cleaning and other side work was a willful violation of the FLSA.

22. Shortly after Defendant hired Plaintiff, she noticed discrepancies in how ABV calculated her tip-outs. She discussed this matter with several of her co-workers who confirmed that their tip-outs appeared to be inaccurate as well. On several occasions, Plaintiff requested a written accounting of how ABV calculated and distributed tips for its tipped employees from Defendant. Plaintiff's requests were ignored.

23. In or about October 2018, Plaintiff spoke via telephone with Gary Bryant ("Bryant"), ABV's Chief Operating Officer, to discuss the tip-out issue. A few days later, Bryant arrived unannounced at ABV's Charlotte Brewery and met with Plaintiff.  Bryant told Plaintiff that ABV would implement procedures to make the tip out calculation and distribution more transparent for tipped employees.

24. In or about late October 2018, Bryant again arrived at Brewers at 4001 Yancey unannounced and met with Plaintiff.  Bryant showed Plaintiff a document containing a breakdown of how tips were calculated and distributed for a single work shift and explained that ABV would be using this process in the future.

25. Within a couple days of this meeting, Christopher DeCamp ("DeCamp"), General Manager of Brewers at 4001 Yancey, directed Plaintiff to meet with him in his office. DeCamp was irritated and told Plaintiff: "If you ever have any questions about your money, you can come to me." DeCamp then pointed to his computer and said: "I have everything you need to know broken down on Excel on the office computer."

26. On or about December 11, 2018, Plaintiff complained to an ABV Human Resources representative that DeCamp was retaliating against her because of her prior complaints to Bryant about her wages and also complained that she and other tipped employees were being required to perform work off-the-clock without pay.

27. On or about January 11, 2019, Defendant terminated Plaintiff's employment in retaliation of her complaints about ABV's compensations policies and procedures for tipped employees, including tip credit violations and unpaid off-the-clock work.

## COLLECTIVE ACTION ALLEGATIONS

28. This action is maintainable as an "opt-in" collective action pursuant to the FLSA, 29 U.S.C. § 216(b), as to claims for unpaid minimum wages, unpaid liquidated damages, and attorneys' fees and costs.

29. Pursuant to 29 U.S.C. § 216(b), Plaintiff bring their First Causes of Action (FLSA claims) on behalf of themselves and similarly situated employees who worked as Tipped Workers at the ABV restaurant in Charlotte, North Carolina, and who elect to opt-in to this action ("Opt-in Plaintiff).

30. The FLSA § 216(b) collective action class is properly defined as: All current and former tipped employees of Defendant who were employed at the ABV brewery and restaurant in Charlotte, North Carolina as servers, bussers, hostesses, and bartenders, or their functional

equivalents, anytime during the three-year period preceding the filing of the Complaint in this action.

31. Consistent with Defendant's policy and pattern or practice, Plaintiff and Opt-in Plaintiff have not been paid minimum wages for all hours worked.

32. All of the work that Plaintiff and Opt-in Plaintiff have performed has been assigned by Defendant, and/or Defendant has been aware of all of the work that Plaintiff and Opt-in Plaintiff have performed.

33. As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a pattern, practice, and/or policy of violating the FLSA with respect to Plaintiff and Opt-in Plaintiff. This policy and pattern and practice includes, but is not limited to, willfully failing to pay its Tipped Workers, including Plaintiff and Opt-in Plaintiff, minimum wages for all hours worked.

34. Defendant is aware or should have been aware that federal law required them to pay Tipped Workers minimum wages for all hours worked.

35. Plaintiff and Opt-in Plaintiff perform or performed the same basic job duties, were subject to the same employment policies, practices and procedures, and have been subject to the same unlawful practices alleged herein.

36. Defendant's policy and practice of retaining a portion of the tips given to Tipped Workers by ABV's customers was applicable to and affected all Tipped Workers.

37. Defendant' unlawful conduct has been widespread, repeated, and consistent.

38. There are many similarly situated current and former Tipped Workers who have been denied minimum wages in violation of the FLSA who would benefit from the issuance of a

court-supervised notice of this lawsuit and the opportunity to join it. This notice should be sent to the Opt-in Plaintiff pursuant to 29 U.S.C. § 216(b).

39. Those similarly situated employees are known to Defendant, are readily identifiable, and can be located through Defendant's records.

## COUNT I

**(Violation of Fair Labor Standards Act – Minimum Wages Collective Action)**

40. Plaintiff incorporates by reference paragraphs 1-39 of her Complaint.

41. Count I arises from Defendant's violation of the FLSA, for its failure to pay all minimum wages earned by Plaintiff and similarly situated Tipped Workers.

42. Defendant violated the FLSA by requiring Plaintiff and similarly situated Tipped Workers to participate in an unlawful tip pool which did not distribute all tips put into the tip pool, thus violating the tip-credit provisions of the FLSA.

43. Defendant violated the FLSA by failing to keep, make and preserve accurate records of all tips received by and distributed to Plaintiff and similarly situated Tipped Workers.

44. Defendant's violation of the FLSA was willful.

## COUNT II

**(Violation of Fair Labor Standards Act – Retaliation)**

45. Plaintiff incorporates by reference paragraph 1-44 of her complaint.

46. Defendant has violated and are violating the provisions of 29 U.S.C. §215(a)(3) by disciplining and discharging Plaintiff because she complained about ABV's unlawful compensation practices of Tipped Workers in violation of the FLSA.

47. Defendant retaliation against Plaintiff constitutes a willful violation of the FLSA.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

a) An Order that the Defendant file with this Court and furnish to counsel for Plaintiff a list of all names, telephone numbers, home addresses and email addresses of all Tipped Workers (servers, bussers, hostesses, and bartenders or any other similarly titled position) who worked for Defendant within the last three years;

b) An Order authorizing Plaintiff' counsel to issue notice at the earliest possible time to all Tipped Workers (servers, bussers, hostesses, and bartenders or any other similarly titled position) who have worked for Defendant within the last three years, informing them that this action has been filed, of the nature of the action, and of their right to opt-in to this lawsuit if they were deprived of minimum wages and overtime compensation, as required by the FLSA;

c) An Order pursuant to Section 16(b) of the FLSA finding Defendant liable for unpaid back wages due to Plaintiff (and those who have joined in the suit) and for liquidated damages equal in amount to the unpaid compensation found due to Plaintiff (and those who have joined in the suit);

d) An Order awarding the costs of this action;

e) An Order awarding reasonable attorneys' fees;

f) A declaration and finding by the Court that Defendant willfully violated the provisions of the FLSA by unlawfully retaliating against Plaintiff Miller and an Order finding Defendant liable for back pay, front pay, compensatory damages, and punitive damages;

8

Case 3:19-cv-00601-MOC-DCK   Document 1   Filed 11/06/19   Page 8 of 9

g)  A declaration and finding by the Court that Defendant willfully violated provisions of the FLSA by failing to comply with the minimum wage requirements of the FLSA;

h)  An Order awarding pre-judgment and post-judgment interest at the highest rates allowed by law; and

i)  An Order granting such other and further relief as may be necessary and appropriate.

## JURY TRIAL DEMAND

The named Plaintiff demands a trial by jury for all issues of fact.

Respectfully submitted,

/s/ Jason S. Chestnut
Philip J. Gibbons, Jr., NCSB #50276
Craig L. Leis NCSB #48582
Jason S. Chestnut NCSB #52066
Geoffrey A. Marcus, NCSB #54907
**GIBBONS LEIS, PLLC**
14045 Ballantyne Corporate Place, Ste. 325
Charlotte, NC 28277
Telephone:   704-612-0038
Email:  phil@gibbonsleis.com
craig@gibbonsleis.com
jason@gibbonsleis.com
geoffrey@gibbonsleis.com

*Attorneys for Plaintiff*